1

2

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**

8                             EASTERN DISTRICT OF CALIFORNIA

9

10   FLORENCE WALKER,                      1:09-cv-01602-LJO-GSA-PC

11              Plaintiff,                 SECOND SCREENING ORDER

12       v.                                ORDER DISMISSING FIRST AMENDED
                                           COMPLAINT FOR FAILURE TO STATE A
13   CALIFORNIA DEPARTMENT                 CLAIM, WITH LEAVE TO AMEND WITHIN
     OF CORRECTIONS AND                    THIRTY DAYS
14   REHABILITATION, et al.,               (Doc. 9.)

15              Defendants.
                                    /
16

17   **I.      RELEVANT PROCEDURAL HISTORY**

18          Florence Walker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

19   this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

20   action on September 10, 2009. (Doc. 1.) On February 24, 2010, the Court dismissed the Complaint

21   for failure to state a claim, with leave to amend.  (Doc. 8.)  On March 18, 2010, Plaintiff filed the

22   First Amended Complaint, which is now before the Court for screening.  (Doc. 9.)

23   **II.     SCREENING REQUIREMENT**

24          The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

                                             1

1   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4          A complaint must only contain "a short and plain statement of the claim showing that the

5   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

6   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell

8   Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set

9   forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.

10  While factual allegations are accepted as true, legal conclusions are not.  Id. at 1949.

11  **III.    SUMMARY OF FIRST AMENDED COMPLAINT**

12         Plaintiff is incarcerated at the Central California Women's Facility in Chowchilla, California,

13  where the events at issue in the First Amended Complaint allegedly occurred.  Plaintiff names as

14  defendants Dr. Hermosia, Dr. Sakata, RN-MTA Williams, and RN-MTA Green.

15         Plaintiff complains of inadequate medical care between May 2008 and September 2008,

16  alleging as follows.  Dr. Hermosia saw Plaintiff at least twice in the infirmary for open-wound sores

17  and watery, blistery skin lesions, failed to provide Plaintiff with antibacterial preparations or other

18  treatment, and failed to send orders to the C-Yard doctor to perform diagnostic tests or provide

19  further treatment.  Plaintiff asked Dr. Hermosia for bandages and preventative measures, but these

20  were refused.  Dr. Sakata failed to respond to repeated requests by Plaintiff to be seen.  On two

21  occasions, Dr. Sakata refused to see Plaintiff on an emergency basis when notified by RN-MTA

22  Williams.   RN-MTA Williams misdiagnosed Plaintiff's condition and was unwilling to seek

23  immediate medical attention for Plaintiff on at least two occasions, when Plaintiff was vomiting in

24  the medical foyer, and when Plaintiff's open-wound sores were oozing pus.  Plaintiff was refused

25  treatment and told she would be scheduled to be seen by the doctor in two to three weeks, but she

26  was not seen for months.  RN-MTA Green threatened Plaintiff with disciplinary action for initiating

27  an emergency alarm when Plaintiff was having difficulty breathing and her blood pressure was

28  elevated.  Plaintiff requests monetary damages and injunctive relief.

**IV.   PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIM**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

"Under [the deliberate indifference] standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'If a prison official should have been aware of the risk, but was not, then the official

///

1    has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v.

2    County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

3           Plaintiff states that she was denied proper medical treatment by defendants, but her

4    allegations do not give rise to a cognizable Eighth Amendment claim for relief.  Plaintiff does not

5    demonstrate that any of the defendants were deliberately indifferent when treating her for medical

6    conditions.  To state an Eighth Amendment medical claim, Plaintiff must allege facts showing that

7    the defendant deliberately acted or failed to act, knowing that Plaintiff was at a substantial risk of

8    serious harm, and causing harm as a result of the defendant's actions.  Plaintiff has not done so.

9    Therefore, Plaintiff fails to state any cognizable claims in the First Amended Complaint.  Plaintiff

10   shall be granted leave to file a Second Amended Complaint.

11   **V.      CONCLUSION**

12          The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon

13   which relief can be granted under section 1983 against any of the defendants.  Under Rule 15(a) of

14   the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so

15   requires.'"  Therefore, although the Court shall dismiss the First Amended Complaint for failure to

16   state a claim, Plaintiff shall be provided with time to file a Second Amended Complaint curing the

17   deficiencies identified above.

18          Plaintiff must demonstrate in the Second Amended Complaint how the conditions

19   complained of resulted in a deprivation of her constitutional rights.  See Ellis v. Cassidy, 625 F.2d

20   227 (9th Cir. 1980).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is

21   plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp.

22   v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572

23   F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this

24   plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.  Plaintiff must also

25   demonstrate that each defendant *personally* participated in the deprivation of her rights.  Jones v.

26   Williams, 297 F.3d, 930, 934 (emphasis added).

27   ///

28   ///

1    Plaintiff should also note that although she has been given the opportunity to amend, it is not

2    for the purposes of adding unrelated claims.  In addition, Plaintiff should take care to include only

3    those claims for which she has exhausted her administrative remedies.

4        Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint must be

5    complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

6    supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an

7    amended complaint is filed, the original complaint no longer serves any function in the case.

8    Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

9    of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly

10   titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed

11   under penalty of perjury

12       Based on the foregoing, it is HEREBY ORDERED that:

13   1.   Plaintiff's First Amended Complaint, filed on March 18, 2010, is dismissed for

14        failure to state a claim, with leave to file a Second Amended Complaint within thirty

15        days from the date of service of this order;

16   2.   The Clerk's Office shall send Plaintiff a § 1983 civil rights complaint form;

17   3.   The amended complaint should be clearly and boldly titled "Second Amended

18        Complaint," and refer to the case number 1:09-cv-01602-LJO-GSA-PC; and

19   4.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to

20        state a claim.

21

22   IT IS SO ORDERED.

23   **Dated:    April 18, 2011**              _____/s/ **Gary S. Austin**_____
                                              UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28