# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE WALKER, | 1:09-cv-01602-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, AND THAT THE DISMISSAL BE SUBJECT TO 28 U.S.C. § 1915(g) |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| | (Doc. 13.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |
| _____/ | |

**I.   RELEVANT PROCEDURAL HISTORY**

Florence Walker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 10, 2009. (Doc. 1.) On February 24, 2010, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 8.) On March 18, 2010, Plaintiff filed the First Amended Complaint. (Doc. 9.) On April 18, 2011, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 10.) On June 21, 2011, Plaintiff filed the Second Amended Complaint, which is now before the Court for screening. (Doc. 13.)

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

7      A complaint must only contain "a short and plain statement of the claim showing that the
8  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
9  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
10 conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell
11 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set
12 forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.
13 While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

14 **III.  SUMMARY OF SECOND AMENDED COMPLAINT**

15     Plaintiff is incarcerated at the Central California Women's Facility in Chowchilla, California,
16 where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as
17 defendants the California Department of Corrections and Rehabilitation ("CDCR"), the
18 Appointments Department of the CDCR, Dr. Hermosia, Dr. Sakata, MTA-RN Williams, and MTA-
19 RN Green ("Defendants").

20     Plaintiff complains of inadequate medical care between May 2008 and September 2008,
21 alleging as follows. In May 2008, Plaintiff was seen by MTA-RN Williams for a skin condition,
22 which Williams thought was a spider bite or ringworm. Plaintiff informed Williams that she had
23 eczema, but Williams did not look into this probability. The CDCR's Appointments Department
24 never scheduled the referral requests to be seen by MTA-RN Williams.

25     In August 2008, Plaintiff was seen twice in the infirmary by Dr. Hermosia. The first time,
26 Plaintiff had a one-inch-diameter open wound on her outer left hand which was oozing pus. A rash
27 had appeared on Plaintiff's hands and arms and was beginning to spread to her neck and face area.
28 Dr. Hermosia looked at the wound and said there was no need for any follow-up. Plaintiff informed

1  Dr. Hermosia that she had met with MTA-RN Williams three months before. Dr. Hermosia did not
2  give Plaintiff any treatment. Dr. Hermosia did not even give Plaintiff bandages, anti-bacterial
3  treatments, or Benadryl for her open wound. Dr. Hermosia did not schedule any follow-ups by the
4  C-yard doctor. About a week later, Plaintiff saw Dr. Hermosia again. By now, the rash was
5  covering Plaintiff's face and beginning to enter her ears and eyes. Plaintiff's blood pressure was
6  elevated, and watery blisters had formed, causing unbearable itching. Plaintiff's right ankle had an
7  open wound that was oozing pus. Dr. Hermosia said there was nothing he could do and told Plaintiff
8  to submit a request to see the C-yard doctor for follow-up.

9  On a later occasion, Plaintiff had trouble breathing and her blood pressure was elevated. Dr.
10 Sakafi threatened Plaintiff with disciplinary action for initiating a medical emergency because of
11 these symptoms. A couple of days later, Plaintiff was escorted for medical care by a correctional
12 officer because she was vomiting on the yard after breakfast. On these two occasions, MTA-RN
13 Williams went to Dr. Sakafi's office and told him there was a medical emergency he should attend
14 to. Dr. Sakafi replied that Plaintiff should submit a request to be seen by the C-yard doctor. Plaintiff
15 was given no treatment.

16 Lack of treatment caused scarring, and Plaintiff's blood pressure became elevated because
17 of the pain and suffering she endured for three months.

18 Plaintiff does not request any relief in the Second Amended Complaint.

19 **IV.    PLAINTIFF'S CLAIMS**

20 The Civil Rights Act under which this action was filed provides:

21 Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or
22 immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
23
24 42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal
   Constitution and laws." <u>Sweeney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997)
25
26 (internal quotations omitted). "To the extent that the violation of a state law amounts to the
   deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,
27
28 Section 1983 offers no redress." <u>Id.</u>

3

**A.     Defendants CDCR and CDCR's Appointments Department**

Plaintiff names as defendants the CDCR and the Appointments Department of the CDCR. Plaintiff is advised that she may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989 (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDCR is a state agency and the Appointments Department is part of the CDCR, they are both entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendant CDCR or the CDCR's Appointments Department.

**B.     Eighth Amendment Medical Care Claim**

Plaintiff alleges that Defendants failed to provide her with adequate medical care, in violation of the Eighth Amendment, when they denied her medical treatment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a

purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff has sufficiently shown a serious medical need, based on allegations that she suffered from eczema, with open sores and rashes developing all over her body, causing pain, unbearable itching, and elevated blood pressure.  However, Plaintiff fails to make factual allegations demonstrating that any of the Defendants consciously disregarded an excessive risk to her health or safety.  Plaintiff has not specified any act, or omission to act, by a defendant demonstrating that the

5

defendant was aware of a substantial risk of serious harm to Plaintiff and acted in conscious disregard of the risk. The most that Plaintiff has shown is negligence or a difference of opinion regarding treatment, which does not give rise to a claim. Therefore, Plaintiff fails to state a cognizable Eighth Amendment medical claim against any of the Defendants.

### C. Negligence and Medical Malpractice

Plaintiff also brings claim for negligence and medical malpractice. Plaintiff is informed that violation of state tort law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the First Amended Complaint. Therefore, Plaintiff's claims for negligence and medical malpractice fail.

## V.   CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Second Amended Complaint fails to state any claims upon which relief can be granted under section 1983 against any of the Defendants. In this action, the Court previously granted Plaintiff two opportunities to amend the complaint, with guidance by the Court. Plaintiff has now filed three complaints without alleging facts against any of the Defendants which state a claim under § 1983. Plaintiff appears incapable of curing the deficiencies outlined above by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 16, 2011**     /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE